UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 09-CV-79-HRW

RYAN NEWSOME                                                                                          PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                                                          RESPONDENT

Ryan Newsome, who is incarcerated in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has named E.K. Cauley, the Warden of FCI-Ashland, as the respondent [Record No. 2]. Newsome has paid the $5.00 filing fee [Record No.4].

The Court screens the petition in accordance with 28 U.S.C. §2243. *See also Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).[1] Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if it determines the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). For the reasons set forth below, the Court will deny the "Motion to Expedite Habeas Proceeding" [Record No. 3] and dismiss the instant § 2241 petition for failure to state a claim upon which relief can be granted.

---

[1] A *pro se* petition is held to lower standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

CLAIMS ASSERTED

Newsome challenges the manner in which the Bureau of Prisons ("BOP") evaluated his eligibility to participate in the Residential Drug Abuse Program ("RDAP") established in 18 U.S.C. § 3621(e).[2] The BOP deemed Newsome to be ineligible to participate in the RDAP.

ALLEGATIONS OF THE PETITION

Newsome alleges that the BOP has refused to consider a letter written by Kisha Harmon, with whom he lived from 1992-1995, prior to beginning his term of incarceration in 1995. Newsome attached to his petition a letter which Harmon wrote to the BOP, in which she stated that she was concerned about Newsome's past alcohol abuse and the affect it had on her and her family [Record No. 2-4]. The BOP informed Newsome that Harmon's letter carried no weight in evaluating his eligibility to participate in the RDAP, explaining that the BOP would only consider information relating to a history of alleged substance abuse from two sources: (1) information contained in his Pre-Sentence Investigation ("PSI") Report or (2) information provided from a professional, such as a physician, drug treatment specialist, law enforcement officer, or probation officer. [*See* "Counselor's Comment, Record No. 2-5].

Newsome's Counselor and Unit Manager informed him that his record lacked any indication, from either source, that he had an officially documented substance abuse problem [*Id.*]. The Warden of FCI-Ashland agreed that Kisha Harmon's letter did not constitute medically

---

[2] The RDAP is a program through which certain federal inmates receive various incentives for involvement in drug abuse treatment programs. 28 C. F.R. §550.57. The BOP has discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. 18 U.S.C. §3621(e)(2)(B).

reliable evidence of a substance abuse problem, which would have rendered Newsome eligible to participate in the RDAP.

Newsome's attachments reveal that he began the BOP's administrative remedy process set forth in 28 C.F.R. §§ 542.10-.19 [*See* Administrative Remedy Response, Record No. 2-11]. On September 4, 2009, K. M. White, Regional Director of the BOP Mid-Atlantic Regional Office ("MARO") denied Newsome's BP-10 appeal, stating:

> Letters written on behalf of friends or relatives after an inmate has begun his incarceration cannot be accepted. For this reason, the letter you submitted from your former girlfriend cannot be used to qualify you for residential treatment. On the basis of this information, it is our conclusion that Ashland staff acted in accordance with policy in determining that there is insufficient evidence to support your claim that you have a substance related disorder requiring intensive residential treatment.

[*Id.*, p.2]. Newsome has now filed a motion asking the Court to expedite consideration of his § 2241 petition [*See* Motion, Record No. 3].

## DISCUSSION
### 1. Expedited Relief Not Warranted

Newsome's motion for expedited consideration could be construed as either a motion for emergency relief or for a motion seeking a preliminary injunction. The criteria for assessing the need for a preliminary injunction are: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiffs could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927

3

F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985))).

Considering the first factor in relation to this case - - Newsome's likelihood of success on the merits - - the outcome is extremely doubtful. A convicted person has no constitutional or inherent right to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979). Early release is much like parole, in that either possibility "provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 7; *see Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995) (possibility of early release is not a liberty interest).

Even assuming that the BOP determined that Newsome qualified as a substance abuse candidate and even if he completed the RDAP program, his claim on the merits would be tenuous. There is no liberty interest in a reduced sentence, and 18 U.S.C. § 3621(e)(2)(B) does not afford such an interest. *Lopez v. Davis*, 531 U.S. 230, 239-41 (2001) (noting as significant Congress's use of "may" rather than "shall" in § 3621 (e)). Title 18 U.S.C. § 3621(e)(2) grants the BOP full discretion to grant or withhold an early release, even denying any early release to those who have already completed the RDAP. *See Hasan v. Eichenlaub*, 2006 WL 3511551, *2 (E. D. Mich. 2006).

The BOP may exclude inmates from early release categorically or on a case-by-case basis. *Id. See also Orr v. Hawk*, 156 F.3d 651, 652 -53 (6th Cir. 1998) ("As an incentive for prisoner participation in such treatment programs, the statute allows an inmate convicted of a "nonviolent offense" to receive a reduction in sentence of up to one year. 18 U.S.C. § 3621(e)(2)(B). Nothing in the statute requires the BOP to grant early release to any eligible

4

prisoner. Thus, it suggests that the agency has substantial discretion in its decision making."); *see also Brown v. Scibana*, 86 F. Supp.2d 702, 704 (E.D. Mich. 2000).[3]

In *Sesi v. United States Bureau of Prisons,* 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition), Sesi unsuccessfully complained that his wrongful expulsion from a drug treatment program violated his due process rights. The Sixth Circuit concluded that even if an inmate *completes* the RDAP, the BOP was not required to grant him early release. *Id.* at * 2. Barring additional information, Newsome's § 2241 claim would most likely not implicate a constitutionally protected liberty interest.

As to factor (2) of the preliminary injunction test, nothing in record suggests that Newsome will suffer irreparable injury if he is denied participation in the RDAP, having already served a 14-year term in federal custody. As for factors (3) and (4), the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987).

The Supreme Court has explicitly rejected heightened judicial scrutiny of prison policies. Rigorous scrutiny, the Court noted, is simply "not appropriate for consideration of regulations

---

[3]

There is other significant authority for this proposition. *See Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. September 24, 2002) (Not Reported in F. Supp.2d) (even if Hernandez had exhausted his administrative remedies concerning his ineligibility to participate in a RDAP, he could not prevail on a due process claim, because § 3621(e) does not create a liberty interest cognizable under the Due Process Clause); *Egan v. Hawk*, 983 F. Supp. 858 (D. Minn. 1997) (noting that although § 3621 (e)(2)(B) allows the BOP to shorten an inmate's sentence by up to one year, it does not mandate such a reduction; conditional language did not create a liberty interest, relying upon *Greenholtz*); *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995) (noting that the BOP has "broad authority to manage the enrollment of prisoners in drug abuse treatment programs" and finding that "it was beyond the District Court's authority to order the defendant's participation in a drug treatment program while incarcerated"); *Smith v. Sniezak*, 2007 WL 642017 (N.D. Ohio, February 27, 2007) (removal from RDAP program did not violate prisoner's Fifth or Eighth Amendment rights; no liberty interest existed which would allow him to remain in RDAP).

that are centrally concerned with the maintenance of order and security within prisons." *Thornburgh v. Abbott*, 490 U.S. 401, 409-10, 109 S. Ct. 1874 (1989).

"Subjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Turner v. Safley*, 482 U.S. at 89. Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. at 562.

The Court is not convinced that the public interest would be served by interfering with the BOP's process in either determining the criteria to be used for selecting inmates to participate in the RDAP or, having allowed a prisoner to participate, in deciding whether that prisoner's sentence will in fact be reduced by up to one year. The Court will therefore deny expedited consideration of Newsome's § 2241 petition.

2. Incomplete Exhaustion

The attachments to the § 2241 petition reveal that Newsome has not completed the final step of the BOP administrative remedy process, which is the filing of a BP-11 appeal to the Office of General Counsel (Central Office). *See* 28 C.F.R. § 542.15 (a)- (b). The MARO denied Newsome's BP-10 appeal on September 4, 2009, a little over three weeks ago. Even assuming that Newsome immediately filed a BP-11 appeal after receiving the MARO's denial (which assumption is not documented in the record), the BOP Central Office would have had insufficient time to render a decision on any BP-11 appeal before September 23, 2009, the date on which Newsome filed this proceeding.

6

Federal courts require inmates who seek habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

The exhaustion requirement is designed to ensure not only that the agency is given the opportunity to review its conclusions short of litigation, but also that the district court is provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006).

For this reason, the Court will dismiss the § 2241 petition without prejudice to Newsome completing the entire administrative remedy process.[4] Petitioner Newsome's "Motion to Expedite Habeas Proceeding" [Record No. 3] will therefore be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED**

(1) The "Motion to Expedite Habeas Proceeding" [Record No. 3] filed by *pro se* Petitioner Ryan Newsome is **DENIED**.

---

[4] Newsome is advised that even after he fully exhausts his claims, they may likely suffer from fatal defects on the merits, as explained in this Memorandum Opinion and Order.

7

(2)     Petitioner Ryan Newsome's § 2241 petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

This September 30, 2009.

J

